LUCA DE CANDIA, RESPONDENT, v. HARRY WEISMAN, APPELLANT.

Argued October 17, 1929—Decided May 19, 1930.

For the respondent, *Thomas Brunetto*.

For the appellant, *Benjamin M. Weinberg*.

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages for a malicious prosecution. The trial with a jury resulted in a verdict for the plaintiff for $3,000 as compensatory damages and for $500 as exemplary damages. On a rule to show cause before the trial court the amount of compensatory damages awarded were reduced to $1,850 exclusive of the $500 awarded as exemplary or punitive damages, final judgment $2,350. The defendant appealed and filed nine grounds of appeal, all of which allege trial errors as causes for a reversal.

They are all argued under the first, second, third and fourth grounds of appeal.

They call for no extended discussion, as we find they are without legal merit.

The first point argued is, that it was error by the trial court not to strike out the testimony of Mr. De Candia, the original

holder of a check, who testified: "Give me check. I hold it for you for a couple of days." A sufficient answer to this objection is, there was no exception taken to the ruling of the trial judge when he said: "The court: Assuming this is a motion to strike out, it will be denied." Record, page 26. *Kargman* v. *Carlo,* 85 *N. J. L.* 632. Another answer to this objection is, the Negotiable Instrument act (3 *Comp. Stat., p.* 3737, § 16) provides, "as between immediate parties and as regards a remote party other than a holder in due course," &c., "the delivery may be shown to have been conditional, or for a special purpose only."

Third assignment and second point argued by the appellant is, that it was error for the trial court to admit in evidence, the record in the case of Kitzman *v.* De Candia; which judgment was entered on July 23d, 1927.

This was admitted by the trial court, on the ground that under the cross-examination of the defendant, it had in it the question, as to whether or not there was such a suit. "*Q.* And you have never paid any part of that money up to this date, have you? *A.* No, sir. *Q.* There was a judgment went against you for this amount, wasn't there? *A.* Yes, sir." The admission of this record, as pointed out by the trial judge, was due to the cross-examination, it was not reversible error. When the record is admitted in evidence, it carries with it the entire record. It was open to the defense to ask from the trial judge, a cautionary instruction to the jury to limit its scope and application to the purpose, for which it was admitted in evidence.

Third ground of appeal includes the fifth and sixth assignments. Objections were made to two questions asked the witness Jacob W. Silverman, an attorney and counsellor-at-law of New Jersey, called by the defense: "*Q.* Your advice to your client at that time was that, although no consideration passed at the time the check was made the maker is criminally liable." And a question asked the same witness by the trial judge, viz.: "*Q.* Do you know of any case in New Jersey that holds that?" We find no reversible error here.

Fourth ground of appeal is an exception to the charge of

the trial judge, in which he referred to the check of $11.50 the court said: "If that be the situation [referring to the proceedings], then the defendant had no reasonable and probable cause for instituting the criminal proceedings so far as that check of $11.50 is concerned." This we think was not error. These are all the points argued in the appellant's brief, all those not argued are expressly abandoned.

Finding no error in the record, the judgment of the Essex County Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, LLOYD, BODINE, VAN BUSKIRK, McGLENNON, HETFIELD, DEAR, JJ. 11.

*For reversal*—CAMPBELL, CASE, KAYS, JJ. 3.